UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

Mr. Lee Arthur Hickman          §
                                §
*Plaintiff*                     §
                                §
v.                              §          Civil Action No.
                                §
Mid-West Electric Company       §
                                §
*Defendant*                     §
                                §

United States Courts
Southern District of Texas
FILED

AUG 08 2025

Nathan Ochsner, Clerk of Court

## ORIGINAL PETITION FOR CIVIL ACTION

**County of Harris**
**State Of Texas**

**TO THE HONORABLE JUDGE OF SAID COURT:**
    Comes now, Mr. Lee Arthur Hickman, Plaintiff Pro-se in the above styled and enumerated Civil Action, and respectfully requests leave of the Court to file this Original Petition For Civil Action.
And with good cause the Plaintiff would show the Court the following:

## JURIDICTION

This Civil Action is brought pursuant to Title 42 USC § 1981 and Title 42 USC § 1981(b)(1). The United States District Court For The Southern District of Texas, Houston Division has jurisdiction of the Plaintiff's constitutional claims pursuant to Title 28 USC §§ 1331.

**Page #1**

## PARTIES

### Plaintiff

Mr. Lee Arthur Hickman
4319 Leyland Brook Lane
Houston, Texas 77068

### Defendant

Mid-West Electric Company
3828 Pinemont Drive
Houston, Texas 77018

## CONCERNED PARTIES

Mr. Mark Landrum
IBEW, local 716
1475 North Loop West
Houston, Texas 77008

## STATEMENT OF THE CASE

The Plaintiff in this Civil Action, a Mr. Lee Arthur Hickman claims that he was subjected to "Disparate Treatment" by the Defendant in this case, Mid-West Electric Company due to racial discrimination.

## STATEMENT OF THE FACTS

On or about March 11, 2025, the Plaintiff a Mr. Lee Arthur Hickman, a dues paying, card carrying member of the IBEW (International Brotherhood Of Electrical Workers) local 716, received a referral from a union representative to work for Mid-West Electric Company. There is no hiring process with union referrals. Union electricians have already been tested and vetted by the union and are normally automatically hired when given a referral. However, on the day in question the Plaintiff was denied employment without an explanation. The Plaintiff had no history with the company, and without an interview or any conversation what so ever, the Plaintiff was denied employment. A reasonable person can only conclude that the action was a product of racial discrimination. Caucasian-American electricians were allowed to continue the in-processing procedures, and the Plaintiff who is African-American was denied. The Plaintiff return to the union headquarters and filed a complaint (See Attachment #1) After the Plaintiff gave all concerned parties sixty days to respond no further action has been taken. This situation is unacceptable to the Plaintiff.

## INJURY AND RELIEF

Union members of the IBEW, local 716 are encouraged to only work for union contractor members, but when the organization does not have employment opportunities in the Houston area the Plaintiff is in a bad position. The Plaintiff

cannot pursue jobs outside of the Houston area. The Plaintiff is solely responsible for the care given to an elderly family member and cannot travel out of the Houston area for long periods of time. So the Plaintiff is forced to seek temporary employment through a staffing agency when no employment opportunities through the union are available. The Plaintiff terminated employment with a staffing agency to work for the Mid-West Electric referral. In the past, when the union gave the Plaintiff a referral, the employment opportunity was guaranteed. This denial by Mid-West Electric Company has cause undue, irreparable damage to the Plaintiff financially and he is asking for $1,000,000.00 in punitive damages as compensation for this case. Mid-West Electric must also be taught the lesson, that in this country "everyone" must be given a fair and equal opportunity for employment.

**WHEREFORE PREMISES CONSIDERED, The plaintiff prays this Court will accept the aforesaid:**
**ORIGINAL PETITION FOR CIVIL ACTION.**

Respectfully submitted
Mr. Lee Arthur Hickman
Plaintiff Pro-se

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| **Mr. Lee Arthur Hickman** | § |
| | § |
| *Plaintiff* | § |
| | § |
| **v.** | §    **Civil Action No.** |
| | § |
| **Mid-West Electric Company** | § |
| | § |
| *Defendant* | § |
| | § |

United States Courts
Southern District of Texas
F I L E D

## AFFIDAVIT OF DECLARATION

AUG 0 8 2025

Nathan Ochsner, Clerk of Court

**County of Harris**
**State of Texas**

## TO THE HONORABLE JUDGE OF SAID COURT:

Before me the undersigned authority personally appeared Mr. Lee Arthur Hickman, who duly sworn deposed as follows:
My name is Mr. Lee Arthur Hickman; I am over 18 years of age , competent to make this affidavit and personally acquainted with the facts herein stated: I am the Plaintiff Pro-se, Lee Arthur Hickman, in the above enumerated civil action. I declare under penalty of perjury that all the foregoing information is true and correct.

**Page #5**

The facts stated here are voluntary and under my request.

_Lee Arthur Hickman_
**SIGNATURE OF PLAINTIFF**

SWORN TO AND SUBSCRIBED BEFORE ME ON _____3 1_____DAY
OF_____July_____2025



NOTARY PUBLIC IN AND FOR THE STATE OF TEXAS

STEPHEN ANTHONY FELTER
Notary Public, State of Texas
Comm. Expires 12-14-2025
Notary ID 131381039

**Page #6**