United States District Court
Southern District of Texas

**ENTERED**

April 16, 2026

Nathan Ochsner, Clerk

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| MR. LEE ARTHUR HICKMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-cv-3705 |
| | § | |
| MID-WEST ELECTRIC | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is Defendant's Mid-West Electric Company ("Defendant") 12(b)(6) Motion to Dismiss for Failure to State a Claim. (ECF No. 30). Based on a review of the motion, arguments, and relevant law, the Court **RECOMMENDS** Defendant's 12(b)(6) Motion to Dismiss for Failure to State a Claim be **GRANTED**.

### I.    Background

*Pro se* Plaintiff Mr. Arthur Lee Hickman ("Plaintiff"), an alleged union member of the International Brotherhood of Electrical Workers, claims that on March 11, 2025, he was subjected to "disparate treatment" by Defendant

---

[1] This case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF No. 6).

because he was denied employment. (ECF No. 27[2] at 1–2). Plaintiff alleges that he applied for a job with Defendant based on the union's referral and was denied employment. (*Id.* at 2). Plaintiff claims that he, an African American man, was denied employment while a "Caucasian American" electrician was allowed to continue through the in-processing procedures with Defendant. (*Id.*). Plaintiff simply asserts that "[a] reasonable person can only conclude that the action was a product of racial discrimination." (*Id.*).

On August 8, 2025, Plaintiff filed his original complaint, asserting a claim pursuant to 42 U.S.C. § 1981. (ECF No. 1 at 1). Plaintiff also attached an affidavit to his original complaint that referred to Title VII of the Civil Rights Act of 1964. (ECF No. 1-1 at 2). Later, on December 8, 2025, Plaintiff filed an Amended Complaint again asserting a § 1981 claim. (*See* ECF No. 27 at 2–3). Plaintiff's Amended Complaint also briefly refers to his original complaint.[3] (*Id.* at 6). Construing Plaintiff's *pro se* filings liberally, the Court concludes that Plaintiff incorporates his original complaint by reference.[4] As

---

[2] Plaintiff's Amended Complaint is docketed as a response to an order to show cause. (*See* ECF No. 27).

[3] In Plaintiff's Amended Complaint, Plaintiff makes one reference to his original complaint: "The Plaintiff's sworn testimony given to the Court on August 8, 2025, [See Docket Entry # 1] . . . will give a jury no problem in giving an affirmative findings [sic] in this case."

[4] *See Solis v. Barber*, No. 3:20-cv-765, 2022 WL 19039625, at *3 (N.D. Tex. May 4, 2022), *report and recommendation adopted as modified*, No. 3:20-cv-765, 2023 WL 2531486 (N.D. Tex. Mar. 15, 2023) (concluding a *pro se* plaintiff incorporated the exhibits attached to an original complaint by reference where the amended complaint refers to "the file included with this Complaint").

such, the Court assumes Plaintiff also intended to assert a Title VII claim in his Amended Complaint.

## II.    Legal Standard

Federal Rule of Civil Procedure ("Rule") 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).   When considering a motion to dismiss, a court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts.  *Harrison v. Medtronic, Inc.,* No. 22-10201, 2022 WL 17443711, at * 1 (5th Cir. Dec. 6, 2022).   In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).  To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

However, a court is not bound to accept legal conclusions couched as factual allegations.  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  Although all reasonable inferences will be resolved in favor of a plaintiff, a plaintiff must plead "specific facts, not mere conclusory allegations."   *Tuchman v. DSC*

*Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994); *see also Firefighters' Ret. Sys. v. Grant Thornton, L.L.P.*, 894 F.3d 665, 669 (5th Cir. 2018) ("Although a complaint does not need detailed factual allegations, the allegations must be enough to raise a right to relief above the speculative level . . . .") (internal quotations omitted)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Firefighters' Ret. Sys.*, 894 F.3d at 669 (quoting *Iqbal*, 556 U.S. at 678). "The court is not required to conjure up unpled allegations or construe elaborately arcane scripts to save a complaint." *Santerre v. Agip Petroleum Co.*, 45 F. Supp. 2d 558, 568 (S.D. Tex. 1999) (internal quotations omitted).

To determine whether to grant a Rule 12(b)(6) motion, a court may only look to allegations in a complaint to determine their sufficiency. *Santerre*, 45 F. Supp. 2d at 568; *Atwater Partners of Tex. LLC v. AT & T, Inc.*, No. 2:10-cv-175, 2011 WL 1004880, at *1 (E.D. Tex. Mar. 18, 2011). "A court may, however, also consider matters outside the four corners of a complaint if they are incorporated by reference, items subject to judicial notice, matters of public record, orders, items appearing in the record of a case, and exhibits attached to a complaint whose authenticity is unquestioned." *Joubert on Behalf of Joubert v. City of Houston*, No. 4:22-cv-3750, 2024 WL 1560015, at *2 (S.D. Tex. Apr. 10, 2024).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted); *see also* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice").

### III.   Discussion

Defendant moves to dismiss Plaintiff's Amended Complaint (ECF No. 27) for failure to state a claim upon which relief can be granted.  (ECF No. 30). Plaintiff did not respond to Defendant's motion.  Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition.  S.D. Tex. Local R. 7.4.  The Court construes all *pro se* filings liberally.  *See Erickson*, 551 U.S. at 94.  Regardless of Plaintiff's failure to respond to the motion to dismiss, the Court will consider the merits of Defendant's motion before the Court.  *See Gonzalez v. Mongo*, No. 24-cv-5145, 2025 WL 2174763, at *2 (S.D. Tex. July 31, 2025); *Chilton v. Texas S. Univ.*, No. 4:24-cv-1646, 2024 WL 4282092, at *1 (S.D. Tex. Sep. 24, 2024) ("[W]here a party does not respond to a motion to dismiss, such failure does not permit the Court to enter a 'default' dismissal.").

### a.   42 U.S.C. § 1981

Plaintiff's Amended Complaint asserts a claim for racial discrimination under 42 U.S.C. § 1981.  Section 1981 states that "[a]ll persons within the

jurisdiction of the United States shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). This right includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Id.* at § 1981(b); *see Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 479–80 (2006) (holding that a plaintiff cannot state a claim under § 1981 unless he has (or would have) rights under the existing (or proposed) contract that he wishes "to make and enforce").

Section 1981 applies in the employment context and is "a means of punishing employers who discriminate on the basis of race." *Carroll v. Gen. Accident Ins. Co. of Am.*, 891 F.2d 1174, 1176 (5th Cir. 1990). Courts recognize § 1981 claims alleging racial discrimination and retaliation in the employment contract context. *Tabitha Pearl Ricks Civ. Action v. Friends of WWOZ, Inc.*, No. 18-cv-9767, 2019 WL 3858950, at *5 (E.D. La. Aug. 15, 2019). To establish a § 1981 claim, plaintiffs must allege that "(1) they are members of a racial minority; (2) [d]efendants intended to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute"—here, making an employment contract. *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017); *Ricks*, 2019 WL 3858950, at *5. Plaintiff "must initially plead and ultimately prove that, but

6

for race, [he] would not have suffered the loss of a legally protected right."

*Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*, 589 U.S. 327,

341 (2020); *see also Simmons v. Triton Elevator, LLC*, No. 19-cv-1206, 2020 WL

7770245, at *3 (N.D. Tex. Dec. 30, 2020) ("[Plaintiff] has the burden of pleading

facts that, taken as true, permit the Court to infer that race was a but-for cause

of his injury in order to sustain his § 1981 discrimination claim.") (quotations

and alterations omitted).

Here, Plaintiff successfully pleads the first element of a § 1981 claim that

he is a member of a racial minority by alleging that he is an "African-

American." (ECF No. 27 at 2); *Body by Cook*, 869 F.3d at 386 (finding the first

element of a § 1981 claim satisfied by plaintiff's pleading that they are African

American). Plaintiff also successfully pleads the third element of a section

1981 claim, that the discrimination concerned one or more of the activities

enumerated in the statute. *Ricks*, 2019 WL 3858950, at *5 (finding that an

employment contract is an activity enumerated in section 1981). Namely,

Plaintiff alleges that he was unable to create an employment contract. *Id.*;

(ECF No. 27).

However, Plaintiff fails to successfully plead the second element of a §

1981 claim. To state a discrimination claim under § 1981, a plaintiff must

allege facts in support of "an intent to discriminate on the basis of race." *Green*

*v. State Bar of Tex.*, 27 F.3d 1083, 1086 (5th Cir. 1994).  Here, there are no such facts in the Amended Complaint, the Original Complaint, or the attachments to Plaintiff's Original Complaint.[5]  (*See* ECF No. 27; *see also* ECF Nos. 1, 1-1).  Plaintiff alleges that he was denied an interview and given no explanation as to why.  (*Id.* at 2).  He also alleges he witnessed that a white individual was hired after Plaintiff was denied employment.  (*Id.* at 6).  Plaintiff asserts "[a] reasonable person can only conclude that [denying Plaintiff employment] was a product of racial discrimination."  (*Id.* at 2; *see also* ECF No. 1-1 at 2).  Ultimately, Plaintiff's allegations are precisely the types of conclusory allegations that are insufficient to support a section 1981 claim for racial discrimination.  *See Marrone v. Tex. Mun. Power Agency*, No. 4:19-cv-4400, 2021 WL 243899, at *2 (S.D. Tex. Jan. 25, 2021) (dismissing for failure to amend *pro se* pleadings to include enough facts beyond conclusory allegations).

An allegation that a similarly situated non-minority applicant received better treatment "could create the necessary inference and set the predicate for establishing the section 1981 claim." *Pullins v. Hancock Whitney Bank*, 512 F. Supp. 3d 647, 659 (M.D. La. 2021).  However, to establish that inference, the plaintiff must plead facts to show that the minority applicant and non-minority

---

[5] In fact, Plaintiff theorizes in the affidavit attached to his Original Complaint that another conclusion as to why he was not hired could be because other companies coerced Defendants not to hire Plaintiff.  (*See* ECF No. 1-1 at 2).

8

applicant are similarly situated. *Id.* In the Fifth Circuit, "similarly situated" means the comparators' circumstances must be "nearly identical." *See Brown v. Bd. of Trustees Sealy Indep. Sch. Dist.*, 871 F. Supp. 2d 581, 593 (S.D. Tex. 2012) (*quoting Perez v. Tex. Dep't of Crim. Justice*, 395 F.3d 206, 212 (5th Cir. 2004)).

Here, Plaintiff fails to identify how he and the white individual were similarly situated or whether there were any material differences between the two—aside from race. (*See* ECF No. 27). As such, Plaintiff has not pled that the two comparators are similarly situated in any respect or that Defendant intended to discriminate on the basis of race. Accordingly, the Court finds that Plaintiff's allegations of racial discrimination are conclusory, and, therefore, do not satisfy the burden of proving intent to discriminate. As such, the Court recommends Plaintiff's claim for racial discrimination under 42 U.S.C. § 1981 be dismissed with prejudice.

  b. <u>Title VII</u>

To the extent Plaintiff also intended to allege a Title VII claim, he has failed to allege that he timely exhausted his administrative remedies before filing his action in federal court. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002) (explaining that, before an individual can pursue a Title VII claim in federal court, they must timely exhaust their available

administrative remedies).  Because Plaintiff has failed to allege that he has met the precondition for filing suit by exhausting his administrative remedies, his Title VII claim should be dismissed without prejudice.  *See Cobb v. Kendall*, No. 3:22-cv-1867, 2023 WL 4534955, at *9 (N.D. Tex. June 28, 2023), *report and recommendation adopted*, No. 3:22-cv-1867, 2023 WL 4533676 (N.D. Tex. July 13, 2023).

## IV.    Leave to Amend

"[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner which will avoid dismissal." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). However, Plaintiff has already amended his complaint on one occasion.  (ECF No. 27).  Further, because Plaintiff failed to file a response to Defendant's Motion to Dismiss, Plaintiff does "not state what facts they would provide to address the deficiencies in their First Amended Complaint." *Garcia v. Harris Cnty.*, No. 22-cv-198, 2022 WL 2230469, at *4 (S.D. Tex. June 2, 2022), *report and recommendation adopted*, No. 22-cv-198, 2022 WL 2222972 (S.D. Tex. June 21, 2022).  Thus, Plaintiff appears "unwilling or unable to amend in a

manner that will avoid dismissal." *Great Plains Tr. Co.*, 313 F.3d at 329. As such, the Court recommends that Plaintiff not be given leave to amend.

## V.      Conclusion

Based on the foregoing, the Court **RECOMMENDS** Defendant's 12(b)(6) Motion to Dismiss for Failure to State a Claim (ECF No. 30) be **GRANTED**. The Court **FURTHER RECOMMENDS** Plaintiff's claim for racial discrimination under 42 U.S.C. § 1981 be **DISMISSED WITH PREJUDICE** and his Title VII claim be **DISMISSED WITHOUT PREJUDICE**. The Court **FURTHER RECOMMENDS** Plaintiff's Motion to Compel Discovery (ECF No. 31) be **DENIED AS MOOT**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on April 16, 2026.

Richard W. Bennett
United States Magistrate Judge

11